UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIE JONES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 08-500 (HHK) |

### DEFENDANT'S MOTION TO DISMISS

Defendant, by counsel, respectfully moves to dismiss *pro se* plaintiff's complaint pursuant to Fed. R. Civ. P., Rules 12(b)(1) and 12(b)(6). Attached is a memorandum of points and authorities in support of this motion to dismiss.

*Pro se* Plaintiff is advised that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of the failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

Respectfully submitted,

　　　　/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

　　　　/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

　　　　/s/
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-500 (HHK) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff Sammie Jones filed this action on March 24, 2008, claiming that members of the Supreme Court Police violated his constitutional rights when he was arrested on March 10, 2008. Plaintiff appears to argue that Supreme Court Police officers improperly arrested him for exercising his right to speak at the Supreme Court, and that he was subjected to "abuses" after his arrest. See Complaint, at ¶ 7; see also "Jurisdictional Plea," at ¶ 4 (alleging that Plaintiff was "tortured" by Supreme Court Police). Plaintiff alleges violations of his rights to freedom of speech and to due process of law. See Complaint, at ¶ 3. The United States is the sole defendant named in the complaint.

As explained in detail below, all of Plaintiff's claims should be dismissed. First, although Plaintiff purports to invoke this Court's jurisdiction under 42 U.S.C. § 1983, neither that provision nor the comparable cause of action against federal officials under *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), authorizes civil suits against the United States. As a result, this Court lacks jurisdiction over Plaintiff's claims. Second, even though actions against the United States are possible under the Federal Tort Claims

2

Act (FTCA), 28 U.S.C. §§ 2671-80, that statute does not waive the government's sovereign immunity for constitutional claims. In addition, even if the complaint were somehow read to raise a viable claim under the FTCA, Plaintiff has not complied with the jurisdictional prerequisite of pursuing an administrative claim prior to filing a civil action in court. Finally, the complaint does not state a claim for a constitutional violation. To the extent that Plaintiff challenges his arrest on constitutional grounds, he must first prevail in the criminal proceedings, in which a trial is scheduled to take place in July 2008. And his allegation concerning mistreatment after arrest is entirely unsupported, save for the conclusory and inadequate assertion that he was "tortured."

## ARGUMENT

I.      There Is No Waiver of Sovereign Immunity for Plaintiff's Constitutional Claims Against the United States.

"The United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Although 42 U.S.C. § 1983 creates a cause of action for violations of the Constitution under color of *state* law, it does not authorize suit against *federal* officials and does not waive the federal government's sovereign immunity. See, e.g., *Dye v. United States*, 516 F.Supp.2d 61, 71 (D.D.C. 2007); *Meyer v. Reno*, 911 F.Supp. 11, 14 n.1 (D.D.C. 1996). And relief is equally unavailable under *Bivens* because the reasoning of that case does not permit damage suits against the government itself. See *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). As a result, the complaint must be dismissed because there is no waiver of sovereign immunity for Plaintiff's claims. See *Clark v. Library of Congress*, 750 F.2d 89, 103-04 n.31 (D.C. Cir. 1984).

II.      The Complaint Fails to State a Claim under the FTCA.

The primary means to state a claim for money damages against the United States is the Federal Tort Claims Act ("FTCA"), which provides that the federal government may be liable "in the same manner and to the same extent as a private individual under like circumstances." See 28 U.S.C. §§ 2674.  But the FTCA does not authorize actions, such as this one, brought for a violation of the Constitution.  See, e.g., *United States v. Timmons*, 672 F,2d 1373, 1380 (11th Cir. 1982).  In addition, prior to instituting a civil action under the FTCA, a plaintiff must file an administrative claim with the relevant federal agency and have that claim denied in writing.  See 28 U.S.C. § 2675(a).  Presentment of an administrative claim is a jurisdictional prerequisite to suit under the FTCA.  *See, e.g., GAF Corporation v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).  Plaintiff in this action makes no allegation that he has ever presented these claims to the Supreme Court or to any other federal agency.  For that reason alone, the complaint must be dismissed.

III.     The Complaint Does Not State a Claim for a Constitutional Violation.

Although the Court need not reach the merits of Plaintiff's constitutional claims for the reasons set forth above, it is equally clear that those claims are meritless.  First, to the extent that Plaintiff claims that his arrest itself violated his First Amendment rights, he must have the prosecution set aside before he may bring a civil action based upon its alleged illegality.  See, e.g., *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 action); *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (*Bivens* action).  Plaintiff makes no representation that the prosecution against him has been resolved in his favor, and undersigned counsel for the United States understands that a trial is currently scheduled for July 22, 2008.

4

To the extent that Plaintiff alleges to have been subjected to "abuses" or "tortured" after his arrest, the complaint also fails to state a claim upon which relief can be granted. As an initial matter, Plaintiff does not specify when this alleged abuse and torture took place, so it is difficult to determine whether it would be governed by the Fourth Amendment (if during the arrest) or the Due Process Clause of the Fifth Amendment (if during pretrial detention). See, e.g., *Johnson v. District of Columbia*, 528 F.3d 969 (D.C. Cir. 2008). But in either case, his allegations are plainly inadequate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." See *Conley v. Gibson*, 355 U.S. 41, 47 (1957). As the Supreme Court recently explained in *Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007), "a plaintiff's obligation to provide the 'grounds' or his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Not only does the complaint in this case fail to provide any factual basis for the claim that he was mistreated, but it does not even include a "formulaic recitation of the elements of a cause of action." Plaintiff provides no information about how he claims to have been mistreated, so the government is without any information concerning the basis for his claims. Under any interpretation of Rule 8(a)(2), this is inadequate.

5

## CONCLUSION

For these reasons, the complaint should be dismissed in its entirety.

Respectfully submitted,

_____/s/_____
JEFFREY TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney



_____/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
555 Fourth St., NW
Washington, D.C. 20530
(202) 514-7236

## CERTIFICATE OF SERVICE

      I hereby certify that on this __14th__ day of July, 2008, I caused the foregoing **Motion to Dismiss and Memorandum in Support thereof** to be served on plaintiff pro se postage prepaid, addressed as follows:

>Sammy Jones
>General Delivery
>900 Brentwood Drive, NE
>Washington, DC 20090

>   /s/
>ALEXANDER D. SHOAIBI
>Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIE JONES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-500 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**UPON CONSIDERATION** of defendant's motion to dismiss, it is hereby **ORDERED** that the motion is **GRANTED**, and that plaintiff's complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008.